IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROSE SINGER, )<br> )<br> Plaintiff, )<br> )<br> vs. )<br> )<br>CARMEL DURIAS LAGAS, )<br>Serve at: )<br>3830 Lori Morgan Drive )<br>Edinburg, TX 78541 )<br> )<br>And )<br> )<br>WERNER ENTERPRISES, INC. )<br>Serve at: )<br>Registered Agent: )<br>Corporate Creations Network, Inc. )<br>4601 E. Douglas Avenue, #700 )<br>Wichita, KS 67218 )<br> )<br>And )<br> )<br>BENJAMIN RAY JOHNSON )<br>Serve at: )<br>P.O. Box 1415 )<br>Vian, OK 74962 )<br> )<br>And )<br> )<br>AVIAGEN, INC. )<br>Serve at: )<br>Registered Agent: )<br>Cogency Global, Inc. )<br>2 North Jackson Street Suite 605 )<br>Montgomery, AL 36104 )<br> )<br> Defendants. )| Case No. _____<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff Rose Singer ("Plaintiff"), for her Complaint against Defendants Carmel Durias

Lagas ("Lagas"), Werner Enterprises, Inc. ("Werner"), Benjamin Ray Johnson ("Johnson"), and

1

Aviagen, Inc. ("Aviagen"), states and alleges as follows:

## PARTIES, JURISDICTION & VENUE

1. Plaintiff is a citizen of the State of Tennessee with a primary residence at 891 Lennox Road, Clarksville, Tennessee 37042.

2. Defendant Lagas is a citizen of the State of Texas with a primary residence at 3830 Lori Morgan Drive, Edinburg, Texas 78541.

3. Defendant Werner is a foreign corporation organized and existing under the laws of the State of Nebraska that has and does engage in business in the State of Kansas.

4. Defendant Johnson is a citizen of the State of Oklahoma with a primary residence at 701 South Cherokee, Vian, Oklahoma 74962.

5. Defendant Aviagen is a foreign corporation organized under the laws of the State of Delaware and headquartered in the State of Alabama that has and does engage in business in the State of Kansas.

6. Defendant Werner maintains systematic, continuous and substantial connections with the State of Kansas and, as such, is subject to the jurisdiction of this Court. Furthermore, pursuant to K.S.A. § 60-308, specifically subsections (b)(1)(A), (B), (G) and (L), Defendant Werner is subject to this Court's jurisdiction in that it committed tortious acts or omissions within this State.

7. Defendant Aviagen maintains systematic, continuous and substantial connections with the State of Kansas and, as such, is subject to the jurisdiction of this Court. Furthermore, pursuant to K.S.A. § 60-308, specifically subsections (b)(1)(A), (B), (G) and (L), Defendant Aviagen is subject to this Court's jurisdiction in that it committed tortious acts or omissions within this State.

8. Pursuant to K.S.A. § 60-308, specifically subsections (b)(1)(A), (B), (G) and (L), Defendant Lagas is subject to this Court's jurisdiction in that she committed tortious acts or omissions within this State.

9. Pursuant to K.S.A. § 60-308, specifically subsections (b)(1)(A), (B), (G) and (L), Defendant Johnson is subject to this Court's jurisdiction in that he committed tortious acts or omissions within this State.

10. In addition to consent jurisdiction and general personal jurisdiction over the Defendants, this Court has specific personal jurisdiction over the Defendants as they each intentionally and deliberately utilized the State of Kansas' public roadways to further each's individual business interests.

11. Jurisdiction in this Court is proper pursuant to 28 U.S.C.A. 1332 in that the cause involves an action between citizens of different states with an amount in controversy in excess of Seventy-Five Thousand Dollars ($75,000.00)

12. Venue is appropriate in this Court pursuant to 28 U.S.C. 1391 because the events giving rise to Plaintiff's claims occurred in this district.

## FACTS COMMON TO ALL COUNTS

13. On or about March 2, 2019, Plaintiff was riding as a passenger in the front seat of a vehicle heading eastbound on Interstate 70 near MP 6 in Sherman County, Kansas.

14. At or about the same time and place, Defendant Lagas was driving a 2019 Kenworth tractor trailer, a Commercial Motor Vehicle, bearing license plate number W29184 and VIN 1XKYD49X0KJ221243, herein described as the "Werner Truck."

15. The Werner Truck was owned and operated by Werner.

16. Lagas was an agent, servant, employee, statutory employee and/or vice-principal of Werner acting in the course and scope of her employment and/or agency with Werner at the time of the subject crash.

17. At or about the same time and place, Defendant Johnson was driving a 2018 Freightliner tractor trailer, a Commercial Motor Vehicle, bearing license plate number 1137239 and VIN 3AKJGLDR5JSJT9466, herein described as the "Aviagen Truck."

18. The Aviagen Truck was owned and operated by Aviagen.

19. Johnson was an agent, servant, employee, statutory employee and/or vice-principal of Aviagen acting in the course and scope of his employment and/or agency with Aviagen at the time of the subject crash.

20. On or about March 2, 2019, on Interstate 70 in Sherman County, Kansas, Kurt Jastrow was the driver and Rose Singer and Scott Singer were passengers in a 2014 Ford F250 bearing license plate number C38454B and VIN 1FT7W2B61EEB86894, herein described as the "Jastrow/Singer vehicle."

21. The Jastrow/Singer vehicle was also pulling a camper behind it.

22. Before the subject crash, Lagas and Werner chose to operate the Werner Truck on Interstate 70 in hazardous winter weather road conditions that were too dangerous to safely operate the Werner Truck.

23. In addition to the making the dangerous choice to operate in those hazardous conditions in the first place, Lagas further chose to operate the Werner Truck in those hazardous conditions at speeds that were too great to safely control the Werner Truck given the conditions.

24. Lagas' decision and choice to operate the Werner Truck at dangerous speeds in hazardous road conditions put the motoring public at risk of serious injury or death in the event

4

that a non-professional driver operating a passenger vehicle needed to safely pass the Werner Truck.

25. Before the subject crash, Johnson and Aviagen chose to operate the Aviagen Truck on Interstate 70 in hazardous winter weather road conditions that were too dangerous to safely operate the Aviagen Truck.

26. In addition to making the dangerous choice to operate in those hazardous conditions in the first place, Johnson further chose to operate the Aviagen Truck in those hazardous conditions at speeds that were too great to safely control the Aviagen Truck given the conditions.

27. At approximately 9:56 p.m. on March 2, 2019, Lagas was driving the Werner Truck and trailer erratically by speeding up and slowing down in the driving (right-hand) lane of eastbound Interstate 70.

28. At the same time and place, Kurt Jastrow initially attempted to pass the Werner Truck and trailer.

29. Due to the Werner Truck's inconsistent speeds, Mr. Jastrow decided not to pass and applied the brake to slow down.

30. At that time, the left rear side of the Werner Truck's trailer swung into the Jastrow/Singer vehicle's lane and struck the Jastrow/Singer vehicle, which was traveling entirely in the passing (left-hand) lane of eastbound Interstate 70 causing the Jastow/Singer vehicle to go under the Werner Truck's trailer.

31. Shortly thereafter, Johnson, driving the Aviagen Truck, struck the Werner Truck and trailer, causing additional damage to the Jastrow/Singer vehicle.

32. As a direct and proximate result of the acts, omissions and negligence of the defendants described herein, Plaintiff suffered life-altering, serious, permanent injuries from this crash and incurred the damages described herein.

## COUNT I – CARMEL LAGAS
### NEGLIGENCE

33. Plaintiff incorporates herein by reference each and every allegation set forth in paragraphs 1 through 32 as if fully set forth herein.

34. Defendant Lagas had a duty to act as a reasonable and prudent driver and to use reasonable care in the operation of the Werner Truck and trailer.

35. Defendant Lagas breached her duty and was negligent in one or more of the following respects:

   a. Failing to operate the Werner Truck and trailer in a reasonably prudent, safe manner;

   b. Operating the Werner Truck and trailer in winter weather road conditions under which it was not safe to operate the Werner Truck and trailer;

   c. Driving faster than the winter weather road conditions allowed for the Werner Truck and trailer to be safely operated;

   d. Failing to remove the Werner Truck and trailer from the public roadway prior to the crash once the winter weather road conditions did not allow for the Werner Truck and trailer to be safely operated;

   e. Failing to keep the Werner Truck and trailer under proper control;

   f. Failing to properly apply the brakes on the Werner Truck and trailer;

   g. Failing to keep the Werner Truck and trailer entirely within their designated lane of travel;

    h.      Permitting her lamps and/or reflective devices to become obscured;

    i.      Operating the Werner Truck and trailer in violation of the Federal Motor Carrier Safety Regulations;

    j.      Operating the Werner Truck and trailer in a distracted state while using a handheld mobile device; and

    k.      Any additional negligence, violations of state law or violations of the FMCSRs revealed through the discovery process in this case.

36.    As a direct and proximate result of the negligence of Defendant Lagas described above and herein, Plaintiff has suffered physical injury, along with medical expense, loss of enjoyment of life, lost wages, loss of earning capacity, disability, disfigurement, pain and suffering, and mental anguish, all in the past, and will incur additional such damages of those types in the future.

WHEREFORE, Plaintiff Rose Singer prays for judgment against Defendant Carmel Durias Lagas for an amount in excess of $75,000.00, together with all other relief that the Court deems just and proper, as well as costs and expenses incurred in the prosecution of said claim.

### COUNT II – WERNER ENTERPRISES, INC.
### VICARIOUS/RESPONDEAT SUPERIOR LIABILITY

37.    Plaintiff incorporates herein by reference each and every allegation set forth in paragraphs 1 through 36 as if fully set forth herein.

38.    The Werner Truck and trailer Defendant Lagas was driving at the time of the subject crash were owned by and/or leased to Defendant Werner.

39.    At all times relevant herein, defendant Lagas, was an agent, servant and/or employee of defendant Werner.

40. At all times relevant herein, Defendant Lagas was acting within the scope and course of her agency, servitude and/or employment with defendant Werner.

41. As Defendant Lagas' principal, master and/or employer, defendant Werner is vicariously liable for any and all damages that resulted from Defendant Lagas' acts, omissions and negligence under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff Rose Singer prays for judgment against Defendant Werner Enterprises, Inc. for an amount in excess of $75,000.00, together with all other relief that the Court deems just and proper, as well as costs and expenses incurred in the prosecution of said claim.

## COUNT III – WERNER ENTERPRISES, INC.
## NEGLIGENCE

42. Plaintiff incorporates herein by reference each and every allegation set forth in paragraphs 1 through 41 as if fully set forth herein.

43. Defendant Werner was independently negligent, careless and/or reckless in one or more of the following respects:

   a. In failing to have, implement and/or train its drivers on a company policy that prohibited drivers from operating its commercial motor vehicles in hazardous winter weather conditions;

   b. In failing to adequately train, instruct and/or supervise Defendant Lagas concerning the safe operation of the Werner Truck and trailer;

   c. In failing to adequately train, instruct and/or supervise Defendant Lagas regarding the dangers of operating a commercial motor vehicle in snow, ice and/or other winter weather conditions;

   d. In failing to adequately train, instruct and/or supervise Defendant Lagas regarding driver fatigue and/or hours of service requirements and regulations;

e. In failing to adequately train, instruct and/or supervise Defendant Lagas regarding not using a cell phone or other electronic device while driving;

f. In failing to adequately train, instruct and/or supervise Defendant Lagas regarding compliance with the Federal Motor Carrier Safety Regulations;

g. In entrusting the Werner Truck and trailer to an individual Werner knew or should have known had exhibited a pattern of negligence, incompetence, poor judgment and/or recklessness in the operation of commercial motor vehicles;

h. In hiring Defendant Lagas and/or entrusting the Werner Truck and trailer to Defendand Lagas, an individual it knew or should have known had inadequate experience, training, knowledge, judgment and/or skill to safely operate, control and/or maintain the subject Werner Truck and trailer;

44. As a direct and proximate result of the negligence of Defendant Werner, Plaintiff has suffered physical injury, along with medical expense, loss of enjoyment of life, lost wages, loss of earning capacity, disability, disfigurement, pain and suffering, and mental anguish, all in the past, and will incur additional such damages of those types in the future.

WHEREFORE, Plaintiff Rose Singer prays for judgment against Defendant Werner Enterprises, Inc. for an amount in excess of $75,000.00, together with all other relief that the Court deems just and proper, as well as costs and expenses incurred in the prosecution of said claim.

### COUNT IV –BENJAMIN JOHNSON
### NEGLIGENCE

45. Plaintiff incorporates herein by reference each and every allegation set forth in paragraphs 1 through 44 as if fully set forth herein.

46. Defendant Johnson had a duty to act as a reasonable and prudent driver and to use reasonable care in the operation of the Aviagen Truck.

9

47. Defendant Johnson breached his duty and was negligent in one or more of the following respects:

   a. Failing to operate the Aviagen Truck in a reasonably prudent, safe manner;

   b. Operating the Aviagen Truck in winter weather road conditions under which it was not safe to operate the Aviagen Truck;

   c. Driving faster than the winter weather road conditions allowed for the Aviagen Truck to be safely operated or brought to a controlled stop;

   d. Failing to remove the Aviagen Truck from the public roadway prior to the crash once winter weather road conditions did not allow for the Aviagen Truck to be safely operated;

   e. Failing to keep the vehicle under proper control;

   f. Failing to properly apply his brakes;

   g. Following too close;

   h. Failing to swerve;

   i. Failing to keep a proper lookout;

   j. Operating the Aviagen Truck in violation of the Federal Motor Carrier Safety Regulations;

   k. Operating the Aviagen Truck in a distracted state while using a handheld mobile device; and

   l. Any additional negligence, violations of state law or violations of the FMCSRs revealed through the discovery process in this case.

48. As a direct and proximate result of the negligence of Defendant Johnson, Plaintiff has suffered physical injury, along with medical expense, loss of enjoyment of life, lost wages,

loss of earning capacity, disability, disfigurement, pain and suffering, and mental anguish, all in the past, and will incur additional such damages of those types in the future.

WHEREFORE, Plaintiff Rose Singer prays for judgment against Defendant Benjamin Johnson for an amount in excess of $75,000.00, together with all other relief that the Court deems just and proper, as well as costs and expenses incurred in the prosecution of said claim.

### COUNT V – AVIAGEN, INC.
### VICARIOUS/RESPONDEAT SUPERIOR LIABILITY

49. Plaintiff incorporates herein by reference each and every allegation set forth in paragraphs 1 through 48 as if fully set forth herein.

50. The Aviagen Truck and trailer Defendant Johnson was driving at the time of the subject crash was owned by and/or leased to Defendant Aviagen.

51. At all times relevant herein, defendant Johnson, was an agent, servant and/or employee of defendant Aviagen.

52. At all times relevant herein, Defendant Johnson was acting within the scope and course of his agency, servitude and/or employment with defendant Aviagen.

53. As Defendant Johnson's principal, master and/or employer, Defendant Aviagen is vicariously liable for any and all damages that resulted from Defendant Johnson's negligence under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff Rose Singer prays for judgment against Defendant Aviagen, Inc. for an amount in excess of $75,000.00, together with all other relief that the Court deems just and proper, as well as costs and expenses incurred in the prosecution of said claim.

## COUNT VI – AVIAGEN, INC.
## NEGLIGENCE

54. Plaintiff incorporates herein by reference each and every allegation set forth in paragraphs 1 through 53 as if fully set forth herein.

55. Defendant Aviagen was independently negligent, careless and/or reckless in one or more of the following respects:

   a. In failing to have, implement and/or train its drivers on a company policy that prohibits drivers from operating its commercial motor vehicles in hazardous winter weather conditions;

   b. In failing to adequately train, instruct and/or supervise Defendant Johnson concerning the safe operation of the Aviagen Truck and trailer;

   c. In failing to adequately train, instruct and/or supervise Defendant Johnson regarding the dangers of operating a commercial motor vehicle in snow, ice and/or other winter weather conditions;

   d. In failing to adequately train, instruct and/or supervise Defendant Johnson regarding driver fatigue and/or hours of service requirements and regulations;

   e. In failing to adequately train, instruct and/or supervise Defendant Johnson regarding not using a cell phone or other electronic device while driving;

   f. In failing to adequately train, instruct and/or supervise Defendant Johnson regarding compliance with the Federal Motor Carrier Safety Regulations;

   g. In entrusting the Aviagen Truck and trailer to an individual Aviagen knew or should have known had exhibited a pattern of negligence, incompetence, poor judgment and/or recklessness in the operation of commercial motor vehicles;

  h.  In hiring Defendant Johnson and/or entrusting the Aviagen Truck and trailer to Defendant Johnson, an individual it knew or should have known had inadequate experience, training, knowledge, judgment and/or skill to safely operate, control and/or maintain the subject Aviagen Truck and trailer;

  56.  As a direct and proximate result of the negligence of Defendant Aviagen, Plaintiff has suffered physical injury, along with medical expense, loss of enjoyment of life, lost wages, loss of earning capacity, disability, disfigurement, pain and suffering, and mental anguish, all in the past, and will incur additional such damages of those types in the future.

  WHEREFORE, Plaintiff Rose Singer prays for judgment against Defendant Aviagen, Inc. for an amount in excess of $75,000.00, together with all other relief that the Court deems just and proper, as well as costs and expenses incurred in the prosecution of said claim.

### DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury on all claims in this Complaint.

### REQUEST FOR PLACE OF TRIAL

Pursuant to Local Rule 40.2, Plaintiff hereby requests that the trial be held in Kansas City, Kansas.

Respectfully submitted,

KUHLMAN & LUCAS, LLC

*/s/ Chad C. Lucas*
Chad C. Lucas  KS # 20549
4700 Belleview Avenue, Suite 300
Kansas City, Missouri 64112
T: 816-799-0330
F: 816-799-0336
chad@kuhlmanlucas.com
**ATTORNEY FOR PLAINTIFFS**