UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROSE SINGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 21-cv-2111-JWB-TJJ |
| | ) |
| CARMEL DURIAS LAGAS, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 70). Plaintiff claims that she only recently learned of new evidence that supports adding a new allegation of negligence regarding Defendant Werner Enterprises, Inc.'s ("Werner") trailer rear underride guard system. Specifically, Plaintiff wants to add the following allegations: (1) Defendant Werner was negligent in "utilizing trailers which were defective and unreasonably dangerous due to its [sic] inadequate rear underride guard system"; and (2) "[a]ny additional negligence, violations of state law or violations of the FMCSRs revealed through the discovery process in this case."[1]

The deadline to move to amend or join additional parties was August 2, 2021. Plaintiff filed her motion on February 11, 2022. Defendants Carmel Durias Lagas and Werner therefore oppose the motion, arguing that the evidence does not present new information; only a new way of looking at the same information (video v. still photos). They also argue that the second allegation

---

[1] ECF No. 70-1 at ¶ 46(i) and (j). "FMCSR" is an acronym for the Federal Motor Carrier Safety Regulations.

1

Plaintiff seeks to add is far too broad and would subject Defendant Werner to additional discovery on "virtually every aspect of Werner's business."[2] For the following reasons, the Court denies Plaintiff's motion.

Plaintiff's request implicates several federal rules and legal principles. Rule 16(b)(4) governs modification of scheduling order deadlines. Fed. R. Civ. P. 15 governs amendment of pleadings, and Rule 1 provides guidance on the management of litigation to reach just, speedy, and efficient resolution. Below, the Court addresses how each of these Rules shape the Court's decision to disallow a First Amended Complaint.

First: Rule 16(b)(4). When the deadline for amending pleadings set in the scheduling order has passed before the motion to amend is filed—as is the case here—Federal Rule of Civil Procedure 16(b)(4) applies. Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." A court will apply a two-step analysis based on both Rule 16(b) and Rule 15(a) when faced with a request to amend a complaint past the scheduling order deadline.[3] In other words, the court will first determine whether the moving party has established "good cause" within the meaning of Rule 16(b)(4) to justify allowing the untimely motion.[4] Only after determining good cause has been established will the court proceed to determine if movant has satisfied the more lenient Rule 15(a) standard.[5]

---

[2] ECF No. 80 at 8.

[3] *See, e.g.*, *Lone Star Steakhouse & Saloon, Inc. v. Liberty Mut. Ins. Group*, No. 12-1185-WEB, 2003 WL 21659663, at *2 (D. Kan. Mar. 13, 2003).

[4] *See Gorsuch Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240–41 (10th Cir. 2014).

[5] *See Boatright v. Larned State Hosp.*, No. 05-3183-JAR, 2007 WL 2693674, at *6 (D. Kan. Sept. 10, 2007) (recognizing the Rule 15(a) standard as more lenient than the "good cause" standard of Rule 16(b)).

2

To establish good cause under Rule 16(b)(4), the moving party must show the deadline could not have been met even if she had acted with due diligence.[6] The lack of prejudice to the nonmovant does not show good cause.[7] A district court's determination as to whether a party has established good cause sufficient to modify a scheduling order amendment deadline is within the court's discretion, and will be reviewed only for the abuse of discretion.[8]

The Court first finds Plaintiff has not met the Rule 16(b)(4) good cause standard to amend the operative scheduling order in this case. Plaintiff claims she only recently learned of video footage that showed the passenger side of the pickup truck (in which Plaintiff was a passenger) sustained a "rear underride" of Defendant Werner's trailer in the crash. Plaintiff argues she has not been dilatory in her request; Defendant will not be prejudiced because the parties are still in fact discovery; Defendants' depositions have not proceeded; and no experts have been disclosed or deposed. Plaintiff also claims she would be significantly prejudiced if not allowed to add this claim of negligence against Defendant Werner.

Plaintiff may be correct that this was the first video of the crash produced in discovery. But in their response to Plaintiff's motion, Defendants brought forth previously-disclosed discovery that showed the same thing. First, during the accident, the right side of the dashboard was moved into the passenger compartment of the pickup. Plaintiff knew this at the time of the accident (March 2, 2019) because the dashboard pinned her to her seat and she had to be extricated from the pickup. Second, on October 25, 2021, Defendant Lagas produced photos he took at the scene of the accident, showing damage to the right front portion of the pickup, as well as apparent damage to

---

[6] *Id.* at *5.

[7] *Lone Star Steakhouse*, 2003 WL 21659663, at *2.

[8] *Ingle v. Dryer*, No. 07-cv-00438-LTB-CBS, 2008 WL 1744337, at *2 (D. Colo. Apr. 11, 2008).

the underride bar.[9] Third, during the deposition of Kurt Jastrow (the driver of the pickup truck), November 15, 2021, Mr. Jastrow testified that the front of his pickup truck struck the left side of the crash bar in the accident.[10] And a photo that Plaintiff produced in discovery showed the same type of damage to the right front portion of the pickup. The Court cannot discern an appreciable difference between the video screenshots in Plaintiff's motion and the photos in Defendants' response brief.[11] Although Plaintiff represents the video shows the pickup <u>before</u> she was extricated, the Court is not persuaded that this makes any difference in when Plaintiff could have ascertained the nature of her claim. Plaintiff could have filed a reply brief to better explain the "new" information, but she did not. And, significantly, during the times Plaintiff was receiving the afore-mentioned discovery, the parties jointly moved to amend the scheduling order twice—never mentioning the deadline for filing motions to amend.[12]

In addition to the underride bar claim, Plaintiff also wants to add a general, catch-all theory of liability: "Any additional negligent violation of state law or violations of the FMCSRs revealed through the discovery process of this case."[13] Plaintiff has offered no reason at all why the Court should allow her to add this claim out of time. In fact, Plaintiff included similar allegations in other counts of her original Complaint.[14] But she did not include this catch-all language in her original

---

[9] The Court notes that the Lagas production and the Jastrow deposition both occurred after the deadline for amending the Complaint. But they also both occurred roughly three months before Plaintiff moved to amend.

[10] ECF No. 80-2 at 3.

[11] *Compare* ECF No. 80 at 5–6 with ECF No. 70 at 2.

[12] *See* ECF No. 52, filed January 1, 2022; ECF No. 72, filed February 17, 2022. The parties also filed a first joint motion to amend the scheduling order on October 18, 2021 (ECF No. 44).

[13] ECF No. 70 at 4.

[14] ECF No. 1 at 7 (Count I); 10 (Count IV).

allegations against Defendant Werner. To allow expansion of her claims in this fashion, at this stage of the case, is unreasonable and wholly unsupported. This new allegation could open up discovery on every aspect of Defendant Werner's business, after the parties have already engaged in more than nine months of discovery. Plaintiff has not shown good cause for dramatically changing the scope of the case in this manner. Accordingly, the Court does not find good cause for amending the deadline to allow the untimely amendment of Plaintiff's Complaint.

Second: Rule 15. Although the Court has found that Plaintiff has not shown good cause for allowing her to amend the scheduling order out of time, the Court will also discuss the standards for amendment of the complaint. Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. It provides that the parties may amend a pleading once "as a matter of course" before trial if they do so within (A) 21 days after serving the pleading, or (B) "if the pleading is one to which a responsive pleading is required," 21 days after service of the responsive pleading or a motion under Fed. R. Civ. P. 12(b), (e), or (f), whichever is earlier.[15] Other amendments are allowed "only with the opposing party's written consent or the court's leave."[16] Rule 15(a)(2) also instructs that the court "should freely give leave when justice so requires."[17] The court's decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion and will not be disturbed absent an abuse of that discretion.[18] The court may deny leave to amend upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

---

[15] Fed. R. Civ. P. 15(a)(1).

[16] Fed. R. Civ. P. 15(a)(2).

[17] *Id.*; *accord Foman v. Davis*, 371 U.S. 178, 182 (1962).

[18] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."[19]

The Court first finds there was an undue delay. The timeliness component of Rule 15(a)(2) is intended to consider more than mere passage of time; the court is to examine whether a delayed motion created a burden. "The longer the delay the more likely the delay will impose burdens on the opponent and the court. . . . The court must focus primarily on the reasons for the delay. Denial of leave to amend is appropriate where the plaintiff has no adequate explanation for the delay."[20] For the reasons discussed *supra*, the Court finds Plaintiff has not offered an adequate explanation for the delay. Although she represents the proposed amendment is based on newly-discovered video, Plaintiff fails to show how the video differs from photos that were available to her long before the video. Further, this delay creates a burden. The fourth amended scheduling order, filed March 3, 2022, sets the expert deadline for Plaintiff as April 29, 2022 and the deadline for Defendants as July 15, 2022. Certainly, if Plaintiff is allowed to amend to add another theory of liability relating to the underride bar, both Plaintiff and Defendant Werner will need to identify an additional expert. And it is also likely that Defendant Werner would, at a minimum, bring a third-party claim against the manufacturer of the underride guard system. This change in the scope of the case would be prejudicial to Defendants at this stage of the proceedings.

As for bad faith, Defendants do not contend Plaintiff filed her motion in bad faith, and the Court finds none. Defendants also do not argue any prior amendment should be held against Plaintiff (there has been no prior amendment), and they only half-heartedly suggest that amendment is futile; primarily, Defendants argue they will suffer undue prejudice if Plaintiff is

---

[19] *Id*. (quoting *Foman*, 371 U.S. at 182).
[20] *In re Urethane Antitrust Litig*., 04-MD-1616-JWL, 2007 WL 1424327, at *3 (D. Kan. May 14, 2007) (quoting and citing *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006)).

6

allowed to amend at this late stage of the case. The Court agrees. Allowing amendment, particularly to add a broad, undefined allegation of negligence, would further prolong the case and increase the time and resources the parties must expend.

After consideration of the relevant factors, the Court finds that amendment should be not be allowed, even under Rule 15(a)(2)'s lenient standard.

Third: Rule 1. The Rules of Civil Procedure are to be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."[21] In this case, each time the parties have sought major amendment of the scheduling order, they have pointed out that there is currently no trial date set in this matter.[22] But the absence of a trial date does not justify stretching the scope of the case or discovery beyond that already approved in the Court's fourth amended scheduling order. In that order, the Court specified that it did not plan to grant any more extensions of scheduling order deadlines.[23] Allowing amendment now would render the Court's statement toothless and would not support the just, speedy, and inexpensive resolution of this matter. The Rule 1 considerations weigh against allowing Plaintiff to amend her complaint out of time.

Based on the above legal guidance and principles, the Court denies Plaintiff leave to amend the scheduling order again to amend her Complaint out of time.

---

[21] Fed. R. Civ. P. 1.

[22] *See, e.g.*, ECF No. 44 at 1; ECF No. 52 at 1; ECF No. 72 at 1.

[23] ECF No. 82 at 2.

8

IT IS THEREFORE ORDERED that Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 70) is denied.

Dated in Kansas City, Kansas on this 1st day of April, 2022.

Teresa J. James
U.S. Magistrate Judge